UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>C.P. HALL CO.,<br><br>      Debtor.<br>_____<br><br>COLUMBIA CASUALTY COMPANY,<br><br>      Appellant,<br><br>  v.<br><br>C.P. HALL CO.,<br><br>      Appellee. | Case No. 12 C 2978<br><br>Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

Appellant Columbia Casualty Company ("Columbia") brings this appeal from an order of the Bankruptcy Court, granting Debtor/Appellee C.P. Hall Co.'s ("Debtor") motion to approve a settlement agreement between the Debtor and Integrity Insurance ("Integrity") under Federal Rule of Bankruptcy Procedure 9019.

**BACKGROUND**

*Relevant Facts*

The Debtor was a former distributor of Johns Manville raw asbestos. (R. at 1.) The Debtor terminated its operations in 1986. (R. at 4.) Since the late 1980s, the Debtor has been named as a defendant in thousands of underlying asbestos claims in Illinois and elsewhere. (R. at 15.) The Debtor had primary and excess liability coverage that paid for its defense and indemnity of these claims. (*Id*.) Columbia issued the Debtor a single second-layer excess liability insurance policy in effect from October 1, 1984 to

October 1, 1985. (R. at 4.) The Columbia insurance policy has aggregate limits of $6 million, which remains unpaid, in excess of two underlying policies with limits of at least $5 million. (*Id.*)

Since 2005, the Debtor has submitted asbestos claims to Integrity, an insurance company in liquidation in New Jersey. (R. at 1.) The Debtor has received over $25 million in payments from Integrity for covered claims and alleges that it has proven up and identified approximately $10 million in remaining coverage under the Integrity policy. (*Id.*) But the recovery of the $10 million in claims is possible if the Debtor is successful on its appeal in New Jersey state court, contending that the liquidator for the Integrity Estate should have applied state law other than New Jersey in allocating asbestos claims. (R. at 18.) Other policyholders that are further along in the appeals process have not been successful with this argument. (*Id.*) In light of the uncertainty of litigation, the Debtor negotiated a settlement with Integrity for $4.125 million.

*Procedural Posture*

On June 24, 2011, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"). On January 5, 2011, the Debtor filed its Motion to Enter into Settlement with the Integrity Insurance estate (the "Settlement Motion"), in which it sought Bankruptcy Court approval to settle a potential $10 million claim for approximately $4.1 million. (R. at 5, 11-19.) On January 26, 2012, Columbia filed its Omnibus Objection to the Settlement Motion. (R. at 5.) Columbia argued that the settlement might have the effect of increasing Columbia's own liability to the Debtor and its creditors. (R. at 41-47.)

2

On February 27, 2012, the Bankruptcy Court held a hearing on the Settlement Motion. (R. at 121-32.) In an oral ruling, the Bankruptcy Court held that Columbia lacked standing, overruled Columbia's objection, and granted the Settlement Motion (the "Integrity Settlement"). (R. at 123-25.)

The issues presented on appeal are as follows:

(1) Did the Bankruptcy Court err in applying the "direct pecuniary interest standard" rather than the "party in interest standard" in determining whether Columbia has standing to object to the Integrity Settlement?

(2) Did the Bankruptcy Court err in holding that Columbia lacked a direct pecuniary interest sufficient to confer standing on Columbia to object to the Integrity Settlement?

(3) Did the Bankruptcy Court err in granting the Debtor's Settlement Motion?

## LEGAL STANDARD

The Bankruptcy Court's determinations of law are reviewed *de novo*, while its findings of fact are reviewed for clear error. *See Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009) (*Wiese*) (citing *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007)). However, where the Bankruptcy Code commits a decision to the discretion of the bankruptcy court, that decision is only reviewed for an abuse of that discretion. *See Wiese*, 522 F.3d at 588 (citing *In re Fortney*, 36 F.3d 701, 707 (7th Cir. 1994)).

Consequently, whether the Bankruptcy Court properly applied the "direct

3

pecuniary interest standard" rather than the "party in interest standard" is a question of law subject to *de novo* review. Whether the Bankruptcy Court erred in finding that Columbia lacked a direct pecuniary interest is a question of fact subject to a clear error-review. Whether the Bankruptcy Court erred in granting the Settlement Motion is subject to an abuse-of-discretion standard.

**ANALYSIS**

As a preliminary issue, the Debtor argues that this appeal is moot because Columbia did not seek a stay of the Bankruptcy Court's order and the Debtor and Integrity have consummated the Integrity Settlement. Columbia does not address why it did not seek a stay of the Bankruptcy Court's order. Instead, Columbia argues that the Court could fashion an equitable remedy or unwind the settlement.

This case does not concern section 363(m) of the Bankruptcy Code, which requires that when a trustee sells estate property to a good faith purchaser, a party challenging the sale order must obtain a stay pending appeal or the appeal becomes moot once the sale is made. 11 U.S.C. § 363(m); *In re GCI Indus., Inc.*, 27 F.3d 296 (7th Cir. 1994); *In re Sax*, 796 F.2d 994 (7th Cir. 1986).

Some courts have held that the failure to obtain a stay of a settlement order moots the appeal, particularly where the settlement agreement has been substantially honored. *See In re Mega-C Power Corp.*, 295 Fed.Appx. 242, 244 (9th Cir. 2008) (holding that "failure of the Shareholders to obtain a stay allowed the settlement plan to be 'substantially consummated'" and "it would be 'inequitable to consider the merits of the appeal.'") (internal citation omitted); *Rev Op Group v. ML Manager, LLC*, No. 10-

1665, 2011 WL 334292, at *7 (D. Ariz. Jan. 31, 2011) ("holding that with regard to the Grace Entities settlements, the appeal is moot because the appellants failed to obtain a stay of the bankruptcy order and because the transactions that have transpired as a result cannot be unraveled.").

Neither party has cited persuasive case law for their position, nor does there appear to be controlling case law from the Seventh Circuit regarding this issue. In any event, even if the appeal were not moot, the Bankruptcy Court's order would be affirmed on other grounds.[1]

*Pecuniary Interest Standard*

Columbia argues that the Bankruptcy Court incorrectly applied the "direct pecuniary interest standard," which it argues applies only to "appellate standing." (Appeal at 7.) Columbia argues that the Bankruptcy Court should have used the "party in interest standard," embodied in Section 1109(b).[2] (*Id*. at 7.) Specifically, Columbia argues that the Bankruptcy Court relied on Seventh Circuit opinions that conflate the two standards.

Columbia in effect asks the Court to disregard the firmly established precedent of this Circuit. As the Seventh Circuit recently held, "To have standing to challenge a bankruptcy order, the challenger must be a 'person aggrieved' by that order; in other

---

[1] Debtor also asserts that Columbia's appeal must fail because it waived the arguments for reversal of the Bankruptcy Order because they were not properly raised before the Bankruptcy Court and not fully developed before this Court. (Resp. at 10.) This argument is not addressed for the same reason.

[2] Section 1109(b) provides that: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

5

words, he must demonstrate that he has 'a pecuniary interest in the outcome of the bankruptcy proceedings.'" *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 800 (7th Cir. 2012) (*In re Holly Marine Towing*) (internal citations omitted). "The pecuniary interest rule is certainly the rule of this Circuit." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 608 (7th Cir. 1998). Furthermore, the Seventh Circuit held that Section 1109(b) "was intended to waive other limitations on standing." *Matter of James Wilson Associates*, 965 F.2d 160, 169 (7th Cir. 1992); *In re Rimsat*, 193 B.R. 499, 503 (Bankr. N.D. Ind. 1996) ("the right to appear and be heard is not the same as standing and § 1109(b) does not necessarily mean that every party in interest can seek relief on every issue.").

Next, whether the Bankruptcy Court properly held that Columbia lacked a pecuniary interest sufficient to confer standing is a question of fact that is reviewed for clear error. *In re Holly Marine Towing*, 669 F.3d at 800. The Bankruptcy Court held the following:

> Only parties with a pecuniary interest in a dispute have standing. And there is a further qualification that's pertinent here. The pecuniary interest must be one that is directly and adversely affected. In this situation, I think Columbia Casualty has identified a pecuniary interest certainly, but it's not one that is directly affected by the motion that the debtor has brought.
>
> What Columbia Casualty says on page four of its objection is that it is at least possible that funds not paid by Integrity will increase Columbia's indemnity obligations. So that's an indirect effect, it's not a direct one.

(2/27/12 Hr'g Tr. at 4.)

There is no clear error in the Bankruptcy Court's ruling. Columbia has no direct

6

interest in the Integrity Settlement. Columbia's sole interest with respect to the Debtor is its potential liability to the Debtor as an insurer.

*Granting of Settlement Motion*

The Bankruptcy Court's approval of the Settlement Agreement is reviewed for abuse of discretion. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). "If the decision demonstrates a command of the case, [the Court] will not engage in second-guessing; the bankruptcy court is in a better position 'to consider the equities and reasonableness of a particular compromise.'" *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (quoting *In re Am. Reserve Corp.,* 841 F.2d 159, 162 (7th Cir.1987)). An abuse of discretion occurs when a court's decision "is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re Airadigm Comm., Inc*., 616 F.3d 642, 652 (7th Cir. 2010).

Columbia argues that the Bankruptcy Court erred in granting the Debtor's Settlement Motion because it held that Columbia did not have standing to object to the Integrity Settlement and the Debtor did not establish a sufficient record. The first argument is rendered moot by the Court's ruling above. As to the second argument, the Debtor set forth a sufficient factual record to warrant approval of the settlement. Not only did the Debtor identify sufficient facts in its brief, the Debtor submitted the Declaration of Stephen Hoke, the Debtor's special insurance counsel. Hoke's declaration provided additional evidence that the proposed settlement with Integrity was within the reasonable range of litigation outcomes and was in the best interests of the estate. *In re*

7

*Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) ("Bankruptcy courts may approve adversary litigation settlements that are in the best interests of the estate."). Therefore, the Bankruptcy's Court's determination was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's approval of the Integrity Settlement is affirmed.

Date: 1/10/13

_____
JOHN W. DARRAH
United States District Court Judge